UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11201-RGS

ISLAND OASIS FROZEN COCKTAIL CO., INC.

v.

COFFEE KING, INC.

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION

September 24, 2010

STEARNS, D.J.

Defendant Coffee King, Inc., an Iowa corporation, seeks dismissal of the Complaint filed by Island Oasis Frozen Cocktail Co., Inc.'s (Island), a Massachusetts corporation, asserting that the court lacks subject matter jurisdiction as to Count III (replevin) as well as personal jurisdiction.[1]  The motion will be denied.

Plaintiff bears the burden of showing a prima facie case of personal jurisdiction. See U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894 F.2d 9, 11 (1st Cir. 1990).  Mere reliance on the allegations of the pleadings is not enough.  See Chlebda v. H.E. Fortna & Brother, Inc., 609 F.2d 1022, 1024 (1st Cir. 1979).  But, "[i]f the plaintiff makes a prima facie showing of jurisdiction supported by specific facts alleged in the pleadings, affidavits, and exhibits, its burden is met."  Ealing Corp. v. Harrods Ltd, 790 F.2d 978, 979 (1st Cir. 1986).  Under the prima facie test "a district court does not act as a factfinder; to the contrary, it ascertains only whether the facts duly proffered, fully credited, support the exercise of personal jurisdiction."  Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 84 (1st

---

[1]Coffee King in the alternative argues improper forum and forum non conveniens.

Cir. 1997).

In support of personal jurisdiction, Island offers the affidavit of its vice president

Michael Walsh.  According to Walsh,

> Island Oasis has sold and shipped 139,355 cases of frozen drink mixes to
> Coffee King since 2000, with an estimated retail value based on average
> case price of $3,901,940.  Over the past sixteen years, Island Oasis has
> provided Coffee King with an assortment of Island Oasis marketing
> materials.  All marketing materials were sent to Coffee King from Walpole,
> Massachusetts.  Throughout the sixteen year relationship, Coffee King
> personnel would call Island Oasis in Massachusetts to place orders,
> purchase equipment, and receive shipping updates.  Coffee King personnel
> would also call Island Oasis in Massachusetts to speak with a service
> manager or technical support staff for service and maintenance assistance
> or with Island Oasis Accounts Receivable department for billing issues.
> Throughout the sixteen-year relationship, when Coffee King returned broken
> machines, it sent them to Island Oasis in Walpole, Massachusetts.  At all
> times throughout the past sixteen years, Island Oasis billed Coffee King by
> monthly paper invoice sent from Walpole, Massachusetts.  From 1994 until
> 1999, Coffee King paid these invoices by sending checks to Island Oasis in
> Walpole, Massachusetts.  Beginning in August 1999, Island Oasis
> established a banking relationship with Key Bank.  As a result of that
> relationship, from August 1999 to May 2007, all Island Oasis customers sent
> their checks to the Island Oasis lockbox at Key Bank in Cincinnati, Ohio.  In
> May 2007, Island Oasis established a banking relationship with Sovereign
> Bank.  From May 2007 until it stopped paying, Coffee King sent checks to
> the Island Oasis lockbox at Sovereign Bank in Boston, Massachusetts.
>
> During the course of the Island Oasis-Coffee King business relationship,
> Island Oasis held two distributor meetings in Massachusetts – in Cambridge
> in Fall 1995 and in Boston in Fall 2000.  I recall Doug Goosmann being
> present at both distributor meetings in Massachusetts.  In connection with
> the distributor meeting in 2000, Island Oasis gave the distributors, including
> Doug Goosmann, a tour of the Island Oasis facility in Walpole,
> Massachusetts.

Walsh Aff. ¶¶ 23-31.

Under the Massachusetts Long-Arm-Statute, "[a] court may exercise personal

jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law

or equity arising from the person's (a) transacting any business in this commonwealth; . . Mass. Gen. Laws ch. 223A, § 3(a).  Massachusetts courts construe the section 3(a) "transacting business" test as a claim of jurisdiction extending to the outermost boundary permitted by the Due Process Clause.  See Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik, 295 F.3d 59, 63 (1st Cir. 2002).  The Coffee King contacts with Massachusetts summarized in the Walsh affidavit consisting as they do, of a sixteen-year business relationship with Island satisfies this test with ease.[2]

In the alternative, Coffee King asks the court to transfer this matter to the District Court for the Northern District of Iowa.  Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'"  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988), quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964).

There is, however, a "strong presumption" in favor of a plaintiff's choice of litigating forum.  Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).  The burden of justifying a transfer rests with the defendant.  Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41, 49-50 (1st Cir. 2009) (noting a "general rule of deference to the plaintiff's choice of forum."); Berrigan v. Greyhound Lines, Inc., 560 F. Supp. 165, 169 (D. Mass. 1982), aff'd, 782 F.2d

---

[2]This applies equally to Coffee King's assertion of improper venue.  See 28 U.S.C. § 1391(a)(3).

295 (1st Cir. 1986) ("[T]he question . . . is whether this forum is so inconvenient as to warrant a transfer."). See also 14C Wright, Miller & Cooper, Federal Practice & Procedure § 3725, at 95 (3d ed.1998).

A proper exercise of discretion requires consideration of a number of factors in addition to the plaintiff's choice of a forum.  These "include the convenience of the parties and the witnesses, the availability of documents, the possibilities of consolidation and coordination, and the interests of justice." Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D. Mass. 1991) (citations omitted).  The convenience of witnesses is the factor most often weighed and is "[p]robably the most important factor." Brant Point v. Poetzsch, 671 F. Supp. 2, 3 (D. Mass. 1987).  The court must consider the number of witnesses located in both of the proposed transferor and transferee districts, the nature and quality of the testimony of these witnesses, and whether or not the witnesses can be compelled to testify. Id. at 3-4. (citations omitted).

None of these additional factors work to Coffee King's benefit.  While Coffee King asserts that "the mutual clients of Island Oasis and Coffee King are in and around Iowa," there is no showing that their testimony is necessary to this litigation.  Island asserts, quite plausibly, that all of its witnesses and most of the relevant documents are located in Massachusetts.  As Island bears the burden of going forward in this case, the presumption in favor of its choice of forum predominates over all other factors. See Nowak v. Tak How Invs., Ltd., 94 F.3d 708, 719 (1st Cir. 1996).

Finally, the motion to dismiss the replevin count is premature.  Replevin is more a remedy sounding in equity than a specific cause of action. See generally Burnham v.

4

MacWhinnie, 350 Mass. 17(1965).  It is too early in the litigation for Island to be forced to an election between damages and a return of property.

ORDER

For the foregoing reasons, Coffee King's motion to dismiss for lack of personal jurisdiction is DENIED.  The parties will proceed under the previously ordered pretrial schedule.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE